**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Cesar Avila-Padilla, *et al.*<br><br>Defendants. | No. CR-18-01894-TUC-JGZ (BGM)<br><br>**ORDER** |

Currently pending before the Court is Defendant Avila-Padilla's Motion to Compel Disclosure (Doc. 66). This motion was joined by Defendant Alegria. Notice of Joinder (Doc. 69). The Government has filed its response and Defendant replied. Govt.'s Response to Mot. to Compel Discl. (Doc. 80); Def. Avila Padilla's Reply to Mot. to Compel Discl. (Doc. 91). Defendant Cesar Ivan Avila-Padilla is charged with one (1) count of conspiracy to possess with intent to distribute fentanyl. Defendant Santos Francisco Alegria is charged with one (1) count of conspiracy to possess with intent to distribute fentanyl and one (1) count of possession of fentanyl with intent to distribute. Indictment (Doc. 35).

On June 12, 2019, oral argument was held before Magistrate Judge Macdonald regarding the motion. Minute Entry 6/12/2019 (Doc. 104). The Court took the matter under advisement, and requested that the Government submit relevant unredacted statements for *in camera* review. The motion is ripe for adjudication.

. . .

## I. FACTUAL BACKGROUND

On August 19, 2017, Defendant Alegria was the driver of a light-colored Ford Equinox carrying Defendant Ortiz-Ramos and the redacted Defendant. An Arizona Department of Safety Trooper conducted a traffic stop of the vehicle. Once the car came to a stop, Defendant Ortiz-Ramos and the other backseat passenger fled on foot. Defendant Ortiz-Ramos was carrying a backpack, which he abandoned in the desert. A search of the abandoned backpack revealed approximately 20,265 fake OxyContin pills containing fentanyl. Defendant Alegria and the front seat passenger remained in the vehicle until their arrest. Inside the Equinox, agents discovered multiple cellular telephones, as well as keys belonging to another vehicle, which was registered to Defendant Avila-Padilla.

Search warrants were later obtained for all of the seized cellular telephones, and the telephones were subsequently searched. The telephones allegedly revealed connections and drug trafficking related communications between the Defendants and others related to drug trafficking. The evidence from the telephones also allegedly establish Defendant Avila-Padilla as an organizer who was directing his co-conspirators and overseeing the distribution of fentanyl to Kentucky. On September 19, 2018, the Defendants were indicted in this cause of action.

The parties have signed disclosure agreements, which permit more extensive disclosure than that required under the law, and the Government asserts that it has disclosed some evidence that extends beyond the charges. On March 25, 2019, defense counsel requested a number of disclosure items regarding the warrant for the aerial surveillance of the ranch, the statements of the four (4) individuals in the Equinox after the traffic stop, and the standing issue—such as information regarding Dennis Mullins, the Equinox's registration, the informants' identities, and statements from the informants and occupants of the Equinox. On March 29, 2019, the Court set a "discovery/disclosure/notice/request deadline" for April 12, 2019. On April 11, 2019, the Defense sent a more formal and detailed request, which included requests for the same

information as before and, in addition, materials related to the *Miranda/Massiah* issue, such as manual and training materials for law enforcement agents conducting interrogations. At the same time, the Government disclosed a compact disc containing recordings of the four (4) Equinox occupants' interviews, information regarding the Equinox's registration, and cellular telephone downloads. On April 19, 2019, the deadline for the Government to respond to the remainder of Defendant's disclosure requests lapsed.

## II. ANALYSIS

Defendant's motion originally sought disclosure related to the allegedly illegal traffic stop, the sufficiency of his *Miranda* waiver, and related to air surveillance. *See* Def. Avila-Padilla's Mot. to Compel. Since the filing of the motion to compel and related motions to suppress, Defendant Avila-Padilla has withdrawn his motion to suppress related to the traffic stop, and Defendant Alegria joined. *See* Mot. to Withdraw (Doc. 98); Order 6/7/2019 (Doc. 99); Not. of Joinder (Doc. 100). At oral argument, it was clarified that Defendants seek the identity of the Confidential Informant identified as Mr. "X," who gave statements on March 26 & 27, 2018 and described in pages Bates No. 1-86 through 1-92. Defendants also seek "any and all policies, manuals, training materials, or similar documents produced by Homeland Security Investigations or the agencies in charge of the Task Force Officers regarding (1) the procedure for notifying an accused of his charges, (2) the procedure for making a promise during an interrogation, and (3) the procedure for communicating with non-English speakers." Defs.' Mot. to Compel (Doc. 66) at 7.

### *A. Legal Standards*

#### 1. **Federal Rules of Criminal Procedure 16**

Rule 16, Federal Rules of Criminal Procedure provides, "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or

copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). "Materiality is a necessary prerequisite to discovery." *United States v. USDC, Central Dist. of Cal., Los Angeles, Cal.*, 717 F.2d 478, 480 (9th Cir. 1983) (citations omitted). "Materiality is a 'low threshold; it is satisfied so long as the information . . . would have helped' to prepare a defense. *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (quoting *United States v. Hernandez–Meza*, 720 F.3d 760, 768 (9th Cir. 2013)). However, "[m]ateriality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that the pretrial disclosure of the disputed evidence would . . enable[] the defendant significantly to alter the quantum of proof in his favor." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991) (citations omitted). "An abstract logical relationship to the issues in the case is not, however, sufficient to force the production of discovery under rule 16." *United States v. George*, 786 F.Supp. 56, 58 (D.D.C. 1992) (quotations and citations omitted). "The documents at issue must play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony or assisting impeachment or rebuttal." *Id.* (quotations and citations omitted).

### **2. Informer's Privilege**

"The government has a qualified privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993) (citing *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957)). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." *Roviaro*, 353 U.S. at 59, 77 S.Ct. at 627. Furthermore, "[t]he privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.*

"[T]he informer's privilege must give way where the disclosure of the informant's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause[,] . . . [and] the burden is on the defendant to demonstrate the need for the disclosure." *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1986) (quotations and citations omitted). To meet this burden, a defendant "must show that he has more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' or will be essential to a fair trial." *Amador-Galvan*, 9 F.3d at 1417 (citations omitted). In determining whether disclosure is appropriate, a court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62, 77 S.Ct. at 629. Factors for consideration are case specific and include consideration of "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*

### B. Identity of Mr. "X"

At oral argument, the Parties agreed that the only remaining individual at issue is Mr. "X." The Government has disclosed to Defendants a redacted version of Mr. "X's" March 2018 statements, Bates stamped 1-86 through 1-92. Defendants assert that Mr. "X" was a percipient witness, who has been used by the Government to understand the web of the conspiracy. Defendants believe that within the redacted portions of Mr. X's statements there may be information that would assist Defendants in determining what defenses to pursue. The Government counters that the conspiracy ended on August 19, 2017, the date of indictment, and Mr. "X" provided information in March 2018. As such, the Government asserts that Mr. "X" is not a percipient witness. The Government further asserts that the written summary of Mr. "X's" statements have been disclosed and there is a grave concern regarding Mr. "X's" safety if his identity is disclosed. Additionally, the Government asserts that Mr. "X" will not be a witness at trial or at any evidentiary hearing regarding a motion to suppress.

Defendants have not shown any more than a "mere suspicion" that Mr. "X"

possesses information that would be "relevant and helpful" to the defense or necessary to a fair trial. *See United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993). As such, they have not met their burden to overcome the informant's privilege. Additionally, the Court has reviewed the unredacted portions of Mr. "X's" statements. Based on this review, the Court finds that the information contained therein is not relevant to any possible defense. Mr. "X" was not a percipient witness to the conspiracy charged in the indictment and concern for his safety outweighs the need for disclosure of his identity. As such, Defendants' request for disclosure of Mr. X's identity is denied.

### *C. Policies and Procedures*

Defendants also seek "any and all policies, manuals, training materials, or similar documents produced by Homeland Security Investigations or the agencies in charge of the Task Force Officers regarding (1) the procedure for notifying an accused of his charges, (2) the procedure for making a promise during an interrogation, and (3) the procedure for communicating with non-English speakers." Defs.' Mot. to Compel (Doc. 66) at 7. Defendant further asserts that "there was a breakdown of communication between HSI Special Agent McLaughlin, Task Force Officer Ortega, and Mr. Avila-Padilla, suggesting that HSI and the Task Force's Limited English Proficiency policies were not followed." Reply (Doc. 91) at 8. The Government states that the Office of Principal Legal Advisor for HSI "stated that there is no written policy or procedure for notifying an accused of charges or making promises during interrogation." Response (Doc. 80) at 6. The Government is "awaiting further clarification and information concerning any written policy or procedure for communicating with non-English speakers and will supplement" accordingly. *Id.* The Government also argues that even if such material does exist, it is not material to the defense. Response (Doc. 80) at 6. At oral argument, the Government asserted that even if the policies and procedures were violated, such a violation is irrelevant to the question of a valid *Miranda* waiver which is governed by the U.S. Constitution.

The Court agrees with the Government. Whether a policy exists and was followed

- 6 -

is of no moment to whether Defendant Avila-Padilla validly waived his *Miranda* rights. This question is bounded by constitutional parameters, and may be properly determined regardless of whether or not a policy or procedure was followed. As such, the HSI policies and procedures are not material, because they will not aid Defendant Avila-Padilla in preparing a defense. *See United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016). As such, Defendant Avila-Padilla's request for disclosure of HSI policies and procedures is denied.

### III. CONCLUSION

Based upon the foregoing, the Court finds the requested material is not subject to disclosure. Accordingly, IT IS HEREBY ORDERED that Defendant Avila-Padilla's Motion to Compel Disclosure (Doc. 66) is DENIED.

Dated this 12th day of July, 2019.

Honorable Bruce G. Macdonald
United States Magistrate Judge